IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GORDON ROY PARKER | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 04-CV-3918 |
| GOOGLE, INC. | : | |

**SURRICK, J.**                                                                                    **JUNE 30, 2008**

## MEMORANDUM & ORDER

Presently before the Court is Defendant Google Inc.'s Motion for Attorney's Fees.  (Doc. No. 25.)  For the following reasons, Defendant's Motion will be denied.

**I.     BACKGROUND**

Defendant Google, Inc. ("Google") is a Delaware corporation with its headquarters in California.  Google maintains a website that provides search technology, allowing users to search for, among other things, websites, products, and images.  Google provides this service by "crawling" the web and then organizing the content in a searchable web index.  When a user types in a query, Google's proprietary technology produces a list of hyperlinks organized by their relevance and reliability.  In the course of providing this service, Google makes a copy of each website and stores it in a "cache," a temporary storage tool.  When it produces a list of results for a particular query, Google often includes links to these caches, noting that they are archival copies of the original web pages.  Google also maintains the USENET, "a global system of online bulletin boards," (Doc. No. 13 at 2), and allows users to post and search archived messages on the system.

*Pro se* Plaintiff Gordon Roy Parker alleges that he is a writer and that he publishes his

works on the internet under the name "Snodgrass Publishing Group." He maintains a website at www.cybersheet.com. Plaintiff further alleges that he has written and owns the registered copyright for, among other works, his e-book "29 Reasons Not To Be A Nice Guy." Plaintiff is a participant in the USENET and, at one point, posted "Reason #6" from his "29 Reasons" book to the USENET.

Parker filed his original Complaint on August 18, 2004. (Doc. No. 1.)[1] He subsequently filed an Amended Complaint on October 22, 2004. (Doc. No. 11.) The Amended Complaint consisted of seventy-two pages with 291 separate paragraphs of factual averments and legal allegations. In the Amended Complaint, Parker asserted eleven separate claims against Google and 50,000 "John Doe" Defendants, including claims of (1) direct copyright infringement, (2) contributory copyright infringement, and (3) vicarious copyright infringement. (Doc. No. 11 ¶ 3.) On November 8, 2004, Google filed a motion to dismiss Parker's first Amended Complaint arguing that Parker's complaint should be dismissed for failure to comply with Rule 8(a) or, alternatively, for failure to state a claim. (Doc. No. 13 at 3.)

We granted Google's motion to dismiss on March 10, 2006. (*See* Doc. No. 18.) Although Parker's First Amended Complaint failed to conform to the Federal Rule of Civil Procedure 8(a)(2) "short and plain statement" requirement, since Parker was acting *pro se* we reviewed each claim leniently under Rule 8(a) and Rule 12(b)(6). Ultimately, we dismissed all of Parker's claims. We concluded that Parker's direct copyright infringement claim could not

---

[1] Plaintiff filed a related lawsuit in the Eastern District of Pennsylvania against the Learn the Skills Corporation which was dismissed by the Honorable James McGirr Kelly for failure to comply with Fed. R. Civ. P. 8(a)(2)'s "short and plain statement" requirement. *Parker v. Learn the Skills, Corp.*, Civ. A. No. 03-6936, 2004 WL 2384993, at *3 (E.D. Pa. Oct. 25, 2004).

stand because Google's automatic archiving of postings and excerpting of websites did not include the necessary volitional element to constitute direct copyright infringement. (*Id.* at 6.) Regarding Parker's claim of contributory copyright infringement, we noted that "Plaintiff again makes conclusory legal statements without sufficiently explaining the factual basis for his claims" and that "Plaintiff's initial allegation is wholly unclear." (*Id*. at 8.) After determining the probable meaning of the claim, we dismissed this claim finding that Parker failed to allege either infringement of a specific copyrighted work or that Google knew of a third-party's infringing activity. (*Id*. at 9-10.) We dismissed the vicarious copyright infringement claim noting that "Parker makes no specific allegations regarding what the infringing conduct is, nor does he refer to any specific registered works." (*Id.* at 10.)

With regard to Parker's non-copyright claims, Parker's claims of defamation, invasion of privacy and negligence were dismissed pursuant to section 230 of the Communications Decency Act, 47 U.S.C. § 230. Parker's claims were dismissed under the Lanham Act, 15 U.S.C. § 1125(a) based upon the failure to allege a likelihood of confusion and the failure to allege that the purportedly disparaging statements were made in the context of commercial advertising or promotion regarding his texts. Parker's claims of racketeering and civil conspiracy were dismissed for failing to comply with Rule 8(a). Finally, the abuse of process claim was dismissed because Parker's litigation history did not constitute a perversion of the legal process to obtain some unlawful purpose.

On March 20, 2006, Parker filed a Motion for Reconsideration of Order Dismissing Case and for Leave to File a Second Amended Complaint. (*See* Doc. No. 19.) We subsequently denied this motion, noting that motions for reconsideration are not to be used to relitigate issues

3

that have already been decided.  (Doc. No. 24 at 1 n.1.)  We also entered judgment in favor of Google and against Parker.  (Doc. No. 24.)  Google filed a Motion for Attorney's Fees on June 1, 2006.  (*See* Doc. No. 25.)  On June 16, 2006, Parker filed a Notice of Appeal to the Third Circuit.  (*See* Doc. No. 26.)  Parker filed a response to the request for attorney's fees on June 19, 2006.  (*See* Doc. No. 30.)  On July 12, 2006, Parker filed a supplemental response.  (*See* Doc. No. 31.)

On July 10, 2007, the Third Circuit affirmed the judgment of this Court.  (*See* Doc. No. 34.)

**II.  DISCUSSION**

Defendant Google argues that we should exercise our discretion and award Google attorney's fees under the Copyright Act.  (Doc. No. 25 at 1.)  Google asserts that Parker's copyright claims were (1) "indisputably meritless," (*id*. at 4), (2) not filed with a good faith intent to protect valid copyright interests, (*id*. at 5), and (3) objectively unreasonable, (*id*. at 6).  Further, Google argues that awarding attorney's fees would act as "a deterrent to future baseless lawsuits and further frivolous motion practice in this case."  (*Id*. at 7.)  Google also documents Parker's "string of unsuccessful forays into litigation based on untenable legal theories."  (*Id*.)  Google emphasizes the importance of deterrence in this case because (1) Parker's pattern of litigation "reveals that plaintiff not only files suit based on frivolous theories, he sues the same parties again and again," (*id*. at 9), and (2) "Parker is solely responsible for the needless expense of this litigation," (*id*.).

Parker responds with a variety of creative arguments.  In Plaintiff's Opposition to Defendant's Motion for Attorney Fees, (Doc. No. 30), Parker asserts that "[a]warding attorney

4

fees against a pro-se litigant is a violation of the Equal Protection Clause because it gives the party with the attorney the opportunity to keep a meter running that is not applied to Plaintiff, who cannot recover fees in the event he prevails." (*Id*. ¶ 1.)  Parker further argues that his claims were not meritless, (*id*. at 7), that he filed in a good faith attempt to expand that law, (*id*. at 8), and that his claims were not unreasonable, (*id*.).  Parker also argues that Google's intention to deter Parker from future litigation is "an unlawful purpose wholly unrelated to the purpose of the motion, namely to attempt to deny Plaintiff his constitutional access to the courts through the threat of, and execution of the threat of, a motion for attorney fees that is maliciously motivated . . . ." (*Id*. ¶ 3.)  Finally, Parker explains why he was justified in filing each of the cases cited by Google as evidence of his litigiousness. (*Id*. at 9-10.)

> In any civil action under the federal Copyright Act,
>
> the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505 (2000).  The Supreme Court has explained that in applying this provision, "[p]revailing plaintiffs and prevailing defendants are to be treated alike . . . ." *Fogarty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).  Furthermore, "attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Id*.  *See also Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 154 (3d Cir. 1986) ("The statutory language provides that the allowance of fees to the prevailing party is not mandated in every case but is entrusted to the evaluation of the district court.").  Bad faith need not be shown to justify the award of attorney's fees.  *See Lieb*, 788 F.2d at 155-156.  The Third Circuit has instructed that district courts should consider the following factors in determining whether to award attorney's fees to the prevailing

5

party: (1) frivolousness; (2) motivation; (3) objective unreasonableness (both in the factual and in the legal components of the case); and (4) the need to advance considerations of compensation and deterrence. *Id*. at 156. *See also Fogarty*, 510 U.S. at 534 n.19 (stating that the Third Circuit factors "may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act . . .").

     In this case, Google is clearly the prevailing party.  However, we find that an award of attorney's fees is not appropriate under the circumstances.  Legal issues related to the internet, in the area of copyright and jurisdiction, do not necessarily fit comfortably in traditional legal categories.  Although Parker's complaint was inexpert at best, he was seeking to expand the law to protect his internet publications.  Parker's failure to allege certain elements of his asserted claims was fatal under clear standards of traditional copyright law.  Extending such law to the realm of internet postings, however, is a different process.  At the time of Parker's original filings in 2004, many facets of internet law were even less settled than today.  Considering this case in light of the *Lieb* factors, we conclude that the factors of frivolousness, motivation, and objective reasonableness do not weigh heavily in favor of the awarding of attorney's fees.  We also conclude that awarding attorney's fees is not necessary to advance considerations of compensation.

     This is not to say that we are unsympathetic to Google.  Dealing with a *pro se* plaintiff who files pleadings that fail to conform to the Federal Rules of Civil Procedure and who misconstrues the law because of a lack of legal training is frustrating for both opposing counsel and the Court.  Moreover, Parker's litigation history, including his filings in this case, demonstrates that he frequently will not take "no" for an answer.

Nevertheless, Parker has indicated that deterrence is unnecessary in this case because "[t]o the extent that Plaintiff merely plans to appeal, a negative ruling from the Third Circuit . . . would be all the deterrent that Plaintiff would require." (Doc. No. 30 at 9.)  We take Parker at his word.  The Third Circuit has affirmed the judgment of this Court dismissing Parker's claims.  The law is now settled that Parker's claims against Google are meritless.  We expect that Parker understands that if he further pursues litigation against Google in this matter, it would be well within the discretion of a district court to determine that attorney's fees are necessary as a deterrent.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GORDON ROY PARKER            :
                             :          CIVIL ACTION
       v.                    :
                             :          NO. 04-CV-3918
GOOGLE, INC.                 :

## ORDER

AND NOW, this   30th   day of June, 2008, upon consideration of Defendant Google Inc.'s Motion for Attorney's Fees, (Doc. No. 25), and all documents submitted in support thereof and in opposition thereto, it is ORDERED that Defendant's Motion is DENIED.

IT IS SO ORDERED.

BY THE COURT:

_____
R. Barclay Surrick, Judge